Zemsky v Prokofieva (2020 NY Slip Op 06227)





Zemsky v Prokofieva


2020 NY Slip Op 06227


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 805282/16 Appeal No. 12252 Case No. 2019-5091 

[*1]Jason M. Zemsky, et al., Plaintiffs-Appellants,
v
Ann A. Prokofieva, M.D., et al., Defendants-Respondents, John Doe M.D., et al., Defendants.


Morelli Law Firm, PLLC, New York (Sara A. Mahoney of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla (Leilani Rodriguez of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about June 17, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against Christina M. Mannino, D.O., Michael Demarest, P.A., and Lenox Hill Hospital, unanimously reversed, on the law, without costs, and the motion denied.
Defendants met their prima facie burden of demonstrating the absence of a departure from accepted medical practice through the affirmation of their expert, who opined that they acted appropriately in ruling out testicular torsion and diagnosing plaintiff with epididymitis based on the results of the ultrasound and in discharging plaintiff with medication to treat the epididymitis.
However, plaintiff's expert affirmation was sufficient to raise issues of fact. Plaintiff does not dispute that his right testicle was not torsed at the time of the ultrasound, but argues that it temporarily un-torsed and later re-torsed while he was still admitted to the hospital. To that end, plaintiff's expert opined that the following factors, which were ignored or minimized by defendants' expert, should have signaled to defendants that plaintiff was not suffering from epididymitis and should be held for further monitoring and a repeat ultrasound: plaintiff's alleged continuously increasing pain, of a severity uncharacteristic of epididymitis; the difference in the lie of plaintiff's testicles, which was consistent with torsion; and the absence of any risk factors for sexually transmitted disease, which "most often" caused epididymitis.
Defendants' expert affirmation was insufficient to meet their prima facie burden of demonstrating the absence of proximate cause, as the causation opinion was entirely reliant on the absence of an underlying departure (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020